IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Marion Lamont Brown, Jr., #00318025, | ) ) ) | C/A No.: 1:20-226-JFA-SVH |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER AND NOTICE |
| Cpl. T. Chandler, Ofc. Hester, and Deputy Warden Palmer, | ) ) ) ) | |
| Defendants. | ) ) | |

Marion Lamont Brown, Jr. ("Plaintiff"), proceeding pro se, filed this complaint pursuant to 42 U.S.C. § 1983 against Corporal T. Chandler ("Corporal"), Officer Hester ("Officer"), and Deputy Warden Palmer ("Deputy Warden") (collectively "Defendants"), in their individual capacities. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.  Factual and Procedural Background

Plaintiff is a state prisoner incarcerated at Perry Correctional Institution. [ECF No. 1 at 2]. Plaintiff alleges that on August 14, 2019, when he returned to his cell after visiting his mental health counselor, Corporal removed one of his leg irons then pulled him toward the metal door. *Id.* at 5–

6. He claims Officer pulled on the handcuffs through the door. *Id.* at 6. He maintains Corporal and Officer called for help, and Deputy Warden responded and pinned his hands. *Id.* He contends his wrists were bruised and his hands turned colors. *Id.* He states Defendants called the medical department, but he received no treatment. *Id.*

Plaintiff requests the court award him $100,000 in damages and order Defendants be fired. *Id.*

II.   Discussion

   A.   Standard of Review

The undersigned anticipates Plaintiff will proceed with his complaint pursuant to 28 U.S.C. § 1915,[1] which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact.

---

[1] Plaintiff filed a financial certificate showing an institutional account balance of $.12, but has not yet filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO-240). *See* ECF No. 2. The undersigned is contemporaneously issuing a proper form order directing Plaintiff to address this deficiency.

2

*Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp.*

3

v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.    Analysis

Plaintiff does not identify any federal constitutional or statutory rights that were allegedly violated. [ECF No. 1 at 4].

To state a plausible claim for relief under 42 U.S.C. § 1983,[2] an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). To state a claim on which relief may be granted, Plaintiff "must have plausibly alleged in his complaint that his constitutional rights were violated." *Tobey v. Jones*, 706 F.3d 379 (4th Cir. 2013).

---

[2] Plaintiff's complaint is before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally-guaranteed* rights and to provide relief to victims if such deterrence fails.

4

In liberally construing Plaintiff's complaint, the undersigned has considered whether he might be alleging Defendants violated the Eighth Amendment's prohibition against cruel and unusual punishment through use of excessive force. To state a claim for excessive force, a prisoner must show (1) that "the prison official[s] acted with a sufficiently culpable state of mind (subjective component)" and (2) that "the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (citing *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996)). "[T]he 'core judicial inquiry' regarding the subjective component of an excessive force claim is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Parker v. Stevenson*, 625 F. App'x 196, 198 (4th Cir. 2015) (quoting *Iko*, 535 F.3d at 239).

Plaintiff states the following:

[A]fter I got back into my cell Cpl. Chandler had took one of the leg iron off then snatched me towards the metal door. That is when Ofc. Hester also pulled on the handcuffs through the door so they called for help, Deputy Warden Palmer pinned my hands also. Both of my wrist were bruised and turning colors.

[ECF No. 1 at 5–6]. Plaintiff's description of the events giving rise to his claim are insufficient to state a claim for excessive force in violation of the Eighth Amendment. Therefore, Plaintiff's case is subject to summary dismissal.

5

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **February 17, 2020**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

*[signature: Shiva V. Hodges]*

January 27, 2020  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge